Wardlaw, J.,
dissenting. If it is meant to ¿ec^^í^wthat the obstruction cf an easement, attended byju^i^0gi&(§$)i|the part of him who claimed a right to it, Jhrr¿|¡t,es evid^^^^f abandonment, and that, therefore, the j®y%ound¿geípMy fa the defendant in this case, I concur in thd^tes^^ ™
But I dissent, if a distinction new and p^Miar, ig^^ylt'Sis d| cisión to be introduced, under which the rel%se1pS>lh easeifient is to be presumed from non-user, or obstractióí^-&£-aítíEcfe short of that which would suffice to raise the presumption of the grant of an easement from its use. Obstruction, independent of other evidence of abandonment, is no more than non-user. An obstruction might actually subsist for ten years, and yet be unknown to the owner of the easement, or never interrupt any enjoyment which he desired to have. Such may have been the fact in the case before us, for aught that appears in the report, although we know the contrary from the Circuit Judge. The true question in the case is, whether the instruction was right, when the jury were told that ten years’ occupation of a road, by enclosing it within defendant’s field, operated as a conveyance or release of the plaintiff’s right of way. Apart from its effect as evidence of abandonment, it could have so operated only by means of the presumption which it established. There is no more propriety in referring now to our statute of limitations for the time to bar or release an easement, than for that to acquire or grant one. Originally twenty years was adopted as the ordinary pe *304 riod for raising presumptions, in analogy to the English Statute of limitations: but the rules of prescription, connected with this period, are firmly established in our system, without regard to any such analogy. It would be unsafe to give to ten years, in reference to other subjects of presumption, the effect which we ascribe to twenty. Symmetry, authority, and expediency, all seem to me to demand the same time for destroying an easement as for creating it, — or for raising the presumption of a grant from the owner of the dominant estate, as of a grant to him. I cannot see why an analogy should change one time, and the other remain as both have heretofore been.
An adverse possession for ten years conveys a title in the soil itself to the possessor; and it is supposed that it ought therefore certainly to convey an easement, which is a mere incident of the soil. There is a fallacy in this, and it consists in attributing to the possessor of the soil possession of an easement to which the soil is subject. The possession does convey that which was possessed, with its appurtenances: but possession of the servient estate conveys no title in the dominant one, and cannot affect an easement which appertained to the latter. All possible title in his own land the defendant may have got by enclosing and ploughing the road-bed : the same he would have got by cultivating any other part of his tract and holding it for ten years under color of title: the same he probably had by honest purchase before he commenced cultivation. He could be, as to the easement, in no better situation at the end of the ten years than at the beginning, or under a title acquired through the statute of limitations than under one conveyed to him by a former owner: — in every case, if his land was subject to the easement, it remained so, notwithstanding conveyance and change of possession, unless the easement was in some way destroyed. If he had in any way acquired title in the plaintiff’s land, he would have acquired the easement as an incident of that land, but no control over his own land could be a possession of the plaintiff’s, either substance or incident.
It is indeed inaccurate to speak of any obstruction, however *305 real and visible, as a possession of an easement. Even those easements, the enjoyment of which includes a.continuous interference with another’s use of his soil, such as the easement of overflowing land, are not capable of actual possession apart, from their enjoyment. - More plainly, a right of way over another’s land, the enjoyment of which is only occasional, cannot be possessed by obstructing it. All easements are things incorporeal, — mere rights, invisible and intangible. The defendant ploughed his own soil, over which the plaintiff had a right to go, — but he did not plough the right of way.
I am of opinion, that the plaintiff’s action for any particular obstruction of his right was barred by the statute of limitations after four years, but that in case of a continuous obstruction whilst the right lasted, damages might be recovered for the four years nest preceding the commencement of the suit: that the plaintiff’s continued acquiescence in a visible and actual obstruction might afford evidence of his having abandoned his right, particularly if he turned aside, because of the obstruction, to any substituted way: but that no release of the easement could in ten years arise from the obstruction itself, any more-' than from mere non-user without obstruction.
The dicta and intimations which have been given to the contrary of this opinion, have never had the sanction of the Court, and are all outweighed by the case of Parkins vs. Dunham, 3 Strob. 224, and authorities there cited. See also 2 Saund. 175 a, note 2; Co. Lit. 114 b; Gayle & Whately on Easem. 257, 281, 275. In the case of Elliott vs. Rhett, (5 Rich. 419,) which was learnedly debated and carefully considered, all difficulty would at once have disappeared, if ten years obstruction could have been held to operate as a release of an easement.

Motion dismissed.